UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| EVAN SANDLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:22-cv-00013-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CSAA FIRE & CASUALTY INSURANCE | ) | **&** |
| COMPANY, | ) | **ORDER** |
| | ) | |
| Defendant | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case arises out of an automobile accident that occurred in Franklin County, Kentucky in November, 2019. [R. 1-1.] After the accident, Mr. Evan Sandlin filed this action against his insurance company, CSAA Fire & Casualty Company. Before the Court is Defendant CSAA's Motion to Bifurcate and Stay Discovery. [R. 4.] CSAA offers considerable support for its motion and the Plaintiff did not file a response. For the reasons that follow, the Motion will be **GRANTED**.

I

On November 23, 2019, Evan Sandlin was involved in a motor vehicle accident as a passenger in Frankfort, Kentucky. [R. 1-1 at 36.] Sandlin was injured in this accident and was paid the other driver's policy limit of $25,000. *Id.* He was also awarded $10,000 in no-fault benefits and $50,000 in underinsured motorist coverage from CSAA on the policy owned by the

driver of the vehicle in which he was a passenger. *Id.* at 36-37. Thereafter, Sandlin notified CSAA that he desired to file a claim under his own underinsured motorist policy. *Id.* at 37. CSAA declined this claim and Sandlin filed suit in Franklin Circuit Court on February 7, 2022. *Id.* The Defendant removed the case to this Court on March 8, 2022. [R. 1.] The Plaintiff alleges CSAA breached its insurance agreement with him and failed to negotiate and resolve the claim, constituting bad faith, a consumer protection violation, and unfair claims settlement practice. [R. 1-1 at 39-40.]

## II

### A

Federal Rule of Civil Procedure 42(b) provides that, "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." Convincing a court to utilize its discretion to separate a trial is the moving party's responsibility, and a court should separate a trial once it has determined that is the most appropriate course of action. *Brantley v. Safeco Insurance Comp. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (citations omitted). Factors that should be considered in determining what is most appropriate include instances where two issues will be decided through the use of unrelated evidence "or where litigation of one issue may obviate the need to try another issue." *Id*. (quoting *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010)). The Sixth Circuit listed "potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy" as other important considerations. *Id*. (quoting *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007)).

B

The facts of this case mirror those of numerous cases throughout Kentucky, and beyond, that have considered insurance contract claims and bad faith claims and consistently granted motions to bifurcate and stay discovery. *Bruckner v. Sentinal Ins. Co. Ltd.*, 2011 WL 589911, at *2 (E.D. Ky. Feb. 10, 2011); *Brantley*, 2011 WL 6012554, at *2 (citing several cases); *Hoskins v. Allstate Prop. & Cas. Ins. Co.*, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006). Bifurcation is so prevalent in this area because of the three elements that must be proven to prevail on a bad faith claim:

> (1) the insurer is obligated to pay the claim under the terms of the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Bruckner*, 2011 WL 589911, at *2 (E.D. Ky. Feb. 10, 2011) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)). Until Sandlin prevails on his underinsured policy claim, he will be unable to establish each of those elements. Thus, "one issue may obviate the need to try another issue," *Brantley*, 2011 WL 6012554, at *1, and judicial economy may be furthered by bifurcating the claims. *Bruckner*, 2011 WL 589911, at *2 (citing *Smith v. Allstate*, 403 F.3d 401, 407 (6th Cir. 2005)). The Plaintiff did not respond to the motion and the Court is convinced that bifurcation of these claims at trial provides the most expedient path going forward.

The Court can find no compelling reason why discovery on the bad faith claim should not also be stayed. The *Brantley* court provided well-reasoned analysis: discovery could reveal CSAA's work-product and raise issues regarding privilege, and CSAA may be prejudiced by

3

engaging in discovery for a subsidiary claim that will never have proper support. 2011 WL 6012554, at *2.

### III

Accordingly, and the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

    (1)    CSAA's Motion to Bifurcate and Stay Discovery **[R. 4]** on Sandlin's bad faith claim is **GRANTED**, and;

    (2)    The two claims at issue in this matter **SHALL** be bifurcated for both trial and discovery, with a stay being issued as to Sandlin's bad faith claim, pending resolution of his underinsured insurance claim.

This the 29th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge